IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

1:25-cv-00368-TDS-JLW

| | |
|---|---|
| United Therapeutics Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Liquidia Technologies, Inc.,<br><br>Defendant. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT LIQUIDIA TECHNOLOGIES, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY OR TRANSFER**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and this Court's inherent equitable authority, Defendant Liquidia Technologies, Inc. moves to dismiss this action or, in the alternative, stay or transfer it to the U.S. District Court for the District of Delaware.

In support of this motion, Liquidia submits the accompanying brief and states as follows:

1. This case is the latest in a series of lawsuits brought by Plaintiff United Therapeutics Corporation ("UTC") in a years' long attempt to keep Liquidia's life-saving drug, Yutrepia, off the market. And it is the third suit to attempt to do so through patent litigation.

2. Specifically, in June 2020, UTC initiated Hatch-Waxman patent litigation against Liquidia in the District of Delaware asserting three patents, U.S. Patent Nos. 9,593,066 ("'066 Patent"), 9,604,901 ("'901 Patent"), and 10,716,793 ("'793 Patent").

*United Therapeutics Corp. v. Liquidia Technologies*, No. 1:20-cv-00755-RGA (D. Del.) ("*Hatch-Waxman I*"). That action was litigated to final judgment, appealed to the Federal Circuit, and then subject to a post-trial motion that resulted in a judgment in Liquidia's favor.

3. In July 2023, while *Hatch-Waxman I* was pending, UTC filed a second Hatch-Waxman case, also in the District of Delaware asserting the '793 Patent and U.S. Patent No. 11,826,327 ("'327 Patent"). *United Therapeutics Corp. v. Liquidia Techs., Inc.*, No. 1:23-cv-00975-RGA (D. Del.) ("*Hatch-Waxman II*"). Because the Federal Circuit affirmed the invalidity of the '793 Patent, UTC dismissed its allegations concerning the '793 Patent from *Hatch-Waxman II*, a decision that is now final. *Hatch-Waxman II*, DE 16. The case remains pending with respect to the '327 Patent, with a bench trial scheduled for June 2025, just a few weeks away.

4. This case, therefore, is the third patent case between the *same* parties and based on the *same* alleged infringing activity in connection with the *same* product, Yutrepia. Thus, the case is precluded under multiple doctrines and should be dismissed. In the alternative, it should be stayed or transferred to Delaware.

5. *First,* this case is subject to the first-filed rule, which instructs courts facing similar lawsuits in different federal courts to prioritize the first-filed suit in the interests of comity, economy, and efficiency. Under that rule, the Court should prioritize the currently pending, first-filed case in Delaware (*Hatch-Waxman II*).

6. In addition, because dismissal is an appropriate remedy under the first-filed rule and because UTC has engaged in impermissible claim-splitting by not bringing the

claims it brings here in *Hatch-Waxman II* (where they could, and should, have been brought), the Court should dismiss this case.

7. In the alternative, this Court should either stay this case pending resolution of *Hatch-Waxman II* or transfer it to the District of Delaware.

8. *Second*, should the Court decline to apply the first-filed rule, it should dismiss this case under Rule 12(b)(6) because, based on the face of the complaint and matters of which the Court can take judicial notice, it is precluded under several preclusion doctrines.

9. Claim preclusion bars this case because all claims here either were or could have been litigated to final judgment in *Hatch-Waxman I* or dismissal in *Hatch-Waxman II*. That is, because in both cases these parties fully and fairly litigated whether Yutrepia infringes UTC's patents in the manner asserted in this case, claim preclusion precludes this suit because it arises from the same series of transactions.

10. Issue preclusion bars this case because it is based on issues that have been actually litigated in *Hatch-Waxman I* and *Hatch-Waxman II*. Indeed, courts, including courts in this district, frequently hold that issue preclusion bars a plaintiff from bringing serial patent claims in connection with the same product.

11. And the Federal Circuit's *Kessler* doctrine bars this case because the final judgment in *Hatch-Waxman I* and UTC's dismissal, with finality, in *Hatch-Waxman II*, conferred upon Yutrepia the right to be free from repeated infringement suits based on the same patent claims.

3

For these reasons, and as further explained in the accompanying brief, Liquidia respectfully requests the following relief:

    a.    That the Court dismiss this case under the first-filed rule and the rule against claim-splitting;

    b.    In the alternative, that the Court stay this case pending final resolution in *Hatch-Waxman II*;

    c.    In the alternative, that the Court transfer this case to the District of Delaware; or

    d.    In the alternative, that the Court dismiss this case for failure to state a claim under Rule 12(b)(6) because it is precluded by claim preclusion, issue preclusion, the *Kessler* doctrine, or some combination thereof.

This the 15th day of May, 2025.

                      */s/ Stephen V. Carey*
                      Stephen V. Carey (NC Bar No. 52791)
                      Corri A. Hopkins (NC Bar No. 54856)
                      Aislinn R. Klos (NC Bar No. 58309)
                      PARKER POE ADAMS & BERNSTEIN LLP
                      301 Fayetteville Street, Suite 1400
                      Raleigh, N.C. 27601
                      Tel.: (919) 828-0564 | Fax: (919) 864-4564
                      stevecarey@parkerpoe.com
                      corrihopkins@parkerpoe.com
                      aislinnklos@parkerpoe.com

                      Sanya Sukduang (Special Appearance)
                      Jonathan Davies (Special Appearance)
                      Bonnie Fletcher-Price (Special Appearance)
                      Jordan Landers (Special Appearance)
                      Haley Chow (Special Appearance)
                      COOLEY LLP
                      1299 Pennsylvania Avenue, NW, Suite 700
                      Washington, DC 20004-2400

Tel: 202.842.7800  
Email: ssukduang@cooley.com  
jdavies@cooley.com  
bfletcherprice@cooley.com  
jlanders@cooley.com  
hchow@cooley.com

*Counsel for Plaintiff Liquidia Technologies, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF System which will automatically send notice of the same addressed to the following::

>Christopher G. Smith
>N.C. State Bar No. 22767
>David A. Pasley
>N.C. State Bar No. 52332
>Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
>Post Office Box 2611
>Raleigh, North Carolina 27602-2611
>Email: csmith@smithlaw.com
>dpasley@smithlaw.com
>
>William Covington Jackson
>Goodwin Procter LLP
>1900 N Street, N.W.
>Washington, DC 20036-1612
>Email: wjackson@goodwinlaw.com
>
>Douglas H. Carsten
>McDermott Will & Emery
>1236 High Bluff Drive, Suite 325
>San Diego, CA 92130
>Email: dcarsten@mwe.com

This the 15th day of May, 2025.

>*/s/ Stephen V. Carey*
>Stephen V. Carey