IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:25-cv-00368-TDS-JLW

| | |
|---|---|
| United Therapeutics Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Liquidia Technologies, Inc.,<br><br>　　　　　Defendant. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST NOT TO CONSIDER THE REPLY, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Defendant Liquidia Technologies, Inc. ("Liquidia") moved to dismiss Plaintiff United Therapeutics Corporation's ("UTC") complaint because, among other things, it is barred by the rule against claim-splitting, in that UTC could and should have raised its claims relating to the '782 Patent in the pending *Hatch-Waxman II* litigation. (DE 29). In opposition to Liquidia's motion, UTC raised—for the first time (at least in the context of Liquidia's motion to dismiss)—the argument that UTC could not have brought the claims in *Hatch-Waxman II* because there was no jurisdiction or standing for those claims in that case. (DE 56 at 8–10). Liquidia explained in reply why that argument is incorrect as a matter of law. (DE 58 at 2–4). Liquidia also pointed out that UTC raised infringement claims relating to the ASCENT clinical trial in both the Complaint here and in *Hatch-Waxman II*. (DE 58 at 4 (citing DE 1, ¶ 36)). UTC's reliance on that clinical trial in both cases, Liquidia explained, rebuts UTC's jurisdiction and standing arguments. (*Id.*).

UTC now argues that the Court should disregard only Liquidia's discussion of the ASCENT clinical trial because, UTC says, Liquidia has improperly raised a new argument

1

in its reply brief. (DE 59). UTC is wrong.

To begin with, Liquidia argued in its opening brief that the allegations of infringement in this case and in *Hatch-Waxman II* are identical. (DE 29 at 8–10). That includes any arguments that the ASCENT clinical trial is a basis for infringement of the '782 patent, which UTC raised here (DE 1, ¶ 36) and could have been raised in *Hatch-Waxman II*. The issue, therefore, is not "new."

Regardless, the issue was also properly addressed within the context of Liquidia's reply. As Local Rule 7.3 provides, the purpose of a reply brief is to address "matters newly raised in the response." And the issue of UTC's supposed lack of jurisdiction or standing was "newly raised" in UTC's response. Liquidia responded to that argument in reply. Thus, UTC's argument that Liquidia should be faulted for failing to "*raise a jurisdiction or standing argument* based on the ASCENT clinical trial" in the motion to dismiss or opening brief makes no sense. (DE 59 at 2 (emphasis added)). Liquidia did not raise *any* issues of jurisdiction or standing—UTC did. Liquidia then responded, as the rules allow.

For the same reasons, UTC's request for permission to file a surreply is improper and should be denied. Local Rule 7.3 "provides for the filing" of just three things: "a motion, a response to a motion, and a reply." *Bell v. Am. Int'l Indus.*, 2021 WL 237760, at *2 (M.D.N.C. June 10, 2021). Accordingly, "'[s]urreplies are generally disfavored.'" *Id.* (quoting *Olvera-Morales v. Int'l Labor Mgmt. Corp.*, 246 F.R.D. 250, 254 (M.D.N.C. 2007)). Although courts in this district have, in rare circumstances, allowed surreplies if "new arguments are raised in a reply brief," *id.*, Liquidia did not raise a new argument in

reply. Moreover, to the extent Liquidia discussed ASCENT in connection with jurisdiction and standing, that was a proper part of Liquidia's *reply* to a factually flawed and legally incorrect argument that UTC introduced in its response. Indeed, by submitting a surreply where none is warranted, it is UTC, not Liquidia, that seeks to circumvent the Local Rules.

UTC's motion should be denied and its improper surreply ignored.

This the 9th day of July, 2025.

/s/ Stephen V. Carey
Stephen V. Carey (NC Bar No. 52791)
Corri A. Hopkins (NC Bar No. 54856)
Aislinn R. Klos (NC Bar No. 58309)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, N.C. 27601
Tel.: (919) 828-0564 | Fax: (919) 864-4564
stevecarey@parkerpoe.com
corrihopkins@parkerpoe.com
aislinnklos@parkerpoe.com

Sanya Sukduang (Special Appearance)
Jonathan Davies (Special Appearance)
Bonnie Fletcher-Price (Special Appearance)
Jordan Landers (Special Appearance)
Haley Chow (Special Appearance)
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Tel: 202.842.7800
Email:   ssukduang@cooley.com
            jdavies@cooley.com
            bfletcherprice@cooley.com
            jlanders@cooley.com
            hchow@cooley.com

*Counsel for Plaintiff Liquidia Technologies, Inc.*

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), the undersigned hereby certifies that this brief contains no more than 6,250 words, as calculated by the word count feature of Microsoft Word, Office 365 ProPlus.

*/s/ Stephen V. Carey*
Stephen V. Carey

*Counsel for Plaintiff Liquidia Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF System which will automatically send notice to all counsel of record

This the 9th day of July, 2025.

*/s/ Stephen V. Carey*
Stephen V. Carey

*Counsel for Plaintiff Liquidia Technologies, Inc.*