```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

UNITED THERAPEUTICS CORPORATION,   )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          1:25-cv-00368
                                   )
LIQUIDIA TECHNOLOGIES, INC.,       )
                                   )
          Defendant.               )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This patent infringement case is before the court on multiple motions to seal portions of briefing on the motion for temporary restraining order ("TRO") and preliminary injunction. (Docs. 17, 38, 47, 53.) For the reasons set forth below, the motions are granted in part and denied in part.

## I. BACKGROUND

On May 9, 2025, Plaintiff United Therapeutics Corporation ("UTC") filed this action alleging infringement of U.S. Patent No. 11,357,782 by Defendant Liquidia Technologies, Inc. ("Liquidia"). (Doc. 1.) UTC immediately filed a motion for TRO and preliminary injunction (Doc. 3), which the court heard and denied (Doc. 54). However, the parties also filed multiple motions to seal portions of the briefing related to UTC's request for TRO and preliminary injunction. (Docs. 17, 38, 47, 53.) The court now resolves these pending motions.

## II. ANALYSIS

### A. Standard of Review

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978), "and the public's business is best done in public," Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013). "When parties 'call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.'" Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (quoting Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000)).

The right of public access derives from both the common law and the First Amendment. See Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (citation omitted) (quoting Nixon, 435 U.S. at 597). Thus, in any given case, some documents will "fall within the common law presumption of access," while others will be

2

"subject to the greater right of access provided by the First Amendment," and some "may not qualify as 'judicial records' at all." United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) (citing United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995)). Notably, "the briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access." Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013) (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir. 1984)).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." Washington Post, 386 F.3d at 576. Procedurally, the court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. Id. "As to the substance, the district court 'must first determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'" Id. (alteration in original) (quoting Stone, 855 F.2d at 181). "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the merits and as the case

3

proceeds toward trial." SmartSky Networks, LLC v. Wireless Sys. Sols., LLC, 630 F. Supp. 3d 718, 732 (M.D.N.C. 2022). Pursuant to this court's Local Rules, "[n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support." L.R. 5.4(c)(3).

Sealing confidential business records may be appropriate absent an improper purpose and countervailing interests. See Nixon, 435 U.S. at 598; Adjabeng v. GlaxoSmithKline, LLC, No. 12CV568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014). In order to determine whether confidential business information should be sealed, courts consider (1) "whether the party has shown that the information sought to be sealed is confidential"; (2) "whether disclosure would harm the party's competitive standing or otherwise harm its business interests"; (3) "whether the motion is narrowly tailored"; and (4) "whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information." Sims v. BB&T Corp., No. 15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018). However, it is not enough to assert generally that exhibits contain "sensitive and confidential business information" without supplying "specific underlying reasons for the district court to understand how [the party's interest] reasonably could be affected

4

by the release of such information." Trs. of Purdue Univ. v. Wolfspeed, Inc., No. 21-CV-840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 2023) (quoting Washington Post, 386 F.3d at 579).

### B. Whether the Parties Have Demonstrated That Sealing Is Warranted

As an initial matter, the parties have largely agreed to use the default procedures of Local Rule 5.4(c) regarding confidential documents.[1] (Doc. 49 at 2.) Accordingly, when the filing party is not the party claiming confidentiality, "the party claiming confidentiality must file a response within 14 days of the motion to seal." L.R. 5.4(c)(4). The response should address "why sealing is necessary and why less drastic alternatives will not afford adequate protection." L.R. 5.4(c)(3). If no response is filed, the court may deny the motion to seal and thereby unseal the materials "without further notice." See id.

Here, Liquidia's first and third motions to seal both identify UTC as the party claiming confidentiality. (Doc. 38 at 2; Doc. 53 at 2.) Liquidia asserts that the sealed documents contain information "that UTC has previously treated as, or that Liquidia reasonably believes UTC would treat as, confidential." (Doc. 38 at 2; Doc. 53 at 2.) The documents include portions related to

---

[1] The parties' only modification to the default procedures of Local Rule 5.4(c) is that when the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two days before filing the documents, to discuss narrowing the claim of confidentiality. (Doc. 49 at 2.)

5

payors' actions in anticipation of Yutrepia's market entry in Liquidia's opposition to UTC's motion for TRO and preliminary injunction (Doc. 34 (redacted); Doc. 36 (sealed)), the entirety of the declaration of Douglas Kidder (Doc. 35 (redacted); Doc. 37 (sealed)), the entirety of UTC's Tyvaso Forecast (2023-2035) (Doc. 34-27 (redacted); Doc. 36-1 (sealed)), the entirety of the opening expert report of Steven D. Nathan, M.D. (Doc. 34-36 (redacted); Doc. 36-2 (sealed)), portions relating to UTC's potential efforts to combat price erosion in Liquidia's opposition to UTC's motion for preliminary injunction (Doc. 51 (sealed); Doc. 52 (redacted)), and the entirety of the preliminary injunction declaration of Frederic Selck, Ph.D. (Doc. 51-2 (sealed); Doc. 52-2 (redacted)). Yet UTC never filed a response, nor did either party provide materials to support "why sealing is necessary and why less drastic alternatives will not afford adequate protection." L.R. 5.4(c)(3)-(4). The court therefore has the authority to deny the motions outright. However, because of the possibility that UTC's failure to respond was due to oversight, Liquidia's first motion to seal (Doc. 38) and third motion to seal (Doc. 53) will be denied and the corresponding documents will be unsealed, unless UTC files a response within ten days that justifies the sealing.

On the other hand, UTC's motion to seal (Doc. 17) and Liquidia's second motion to seal (Doc. 47) were both filed by the same party claiming confidentiality. Specifically, the motions

6

seek to seal portions of UTC's memorandum in support of its motion for TRO and preliminary injunction (Doc. 4 (redacted); Doc. 8 (sealed)), portions of the declaration of Frederic Selck, Ph.D. in support of UTC's motion for TRO and preliminary injunction (Doc. 5 (redacted); Doc. 9 (sealed)), the entirety of the excerpts of the deposition transcript of David Barton, UTC's Associate Vice President of Market Access (Doc. 4-19 (redacted); Doc. 8-19 (sealed)), the entirety of the excerpts of the deposition transcript of Greg Bottorff, UTC's Senior Vice President of Sales and Marketing (Doc. 5-1 (redacted); Doc. 9-1 (sealed)), and portions of Liquidia's response regarding preliminary injunction bond (Doc. 44 (sealed); Doc. 46 (redacted)). These motions also included declarations to support the need for sealing. (Docs. 18, 48.) No objections to either motion were filed, and the motions have now been pending for several months.

A review of the redacted portions of the parties' briefings and exhibits demonstrates that the information they seek to seal pertains only to sensitive and confidential business information. More specifically, the parties seek to seal information regarding historical discounts allotted to UTC's Tyvaso product by payors; the effect that a potential launch of Liquidia's Yutrepia product could have on the price and payor discounts for Tyvaso; UTC's strategic business plan in response to a potential launch of Yutrepia; and the amount of damages Liquidia would incur if a court

7

preliminarily enjoined its launch of Yutrepia. (Doc. 17 at 3; Doc. 47 at 4.) The parties each contend that the release of their respective sensitive and confidential business information would provide competitors with an unfair business advantage. (Doc. 17 at 3; Doc. 47 at 4.)

Neither party seeks to seal a wide swath of information, as care has generally been taken to limit opacity with targeted redactions. See Fortson v. Garrison Prop. & Cas. Ins. Co., No. 19-CV-294, 2022 WL 824802, at *5 (M.D.N.C. Mar. 18, 2022) (noting that "[r]edaction is also the least drastic alternative to sealing, as it will protect [the parties'] business and proprietary interests while maintaining a significant degree of transparency in the proceedings"). Even the two exhibits UTC does seek to seal in their entirety represent only excerpts of longer deposition transcripts involving two UTC executives. At the pre-discovery stage of this litigation, the public interest in this limited information does not outweigh the need to protect the parties' confidential and proprietary business interests. Thus, UTC's motion to seal and Liquidia's second motion to seal will be granted.[2]

---

[2] The parties have complied with Local Rule 5.4(c )(8), requiring them to file two complete sets of documents, one public and one under temporary seal. This explains the presence of documents in the temporarily-sealed docket entries which the court does not address in this memorandum order. (See, e.g., Docs. 8-1 to 8-18.) That is, documents not addressed by this memorandum order that appear sealed mirror those the parties filed publicly in the duplicate filling.

8

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Liquidia's first motion to seal (Doc. 38) and third motion to seal (Doc. 53) are DENIED, and docket entries 36, 37, 36-1, 36-2, 51, and 51-2 shall be UNSEALED; however, this Order is STAYED for ten days to permit UTC to file a response to the motions that justifies the sealing per Local Rule 5.4(c)(4). If UTC does not make such a filing, the stay will be automatically lifted without further notice.

IT IS FURTHER ORDERED that Plaintiff UTC's motion to seal (Doc. 17) and Liquidia's second motion to seal (Doc. 47) are GRANTED, and docket entries 8, 9, 8-19, 9-1 and 44 shall be SEALED.

/s/   Thomas D. Schroeder
United States District Judge

November 13, 2025