IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED THERAPEUTICS CORPORATION, )
                                 )
          Plaintiff,             )
                                 )
v.                               )    1:25-cv-00368
                                 )
LIQUIDIA TECHNOLOGIES, INC.,     )
                                 )
          Defendant.             )

**ORDER**

THOMAS D. SCHROEDER, District Judge.

This patent infringement case is before the court on two motions to seal portions of briefing and evidence on the motion for temporary restraining order ("TRO") and preliminary injunction. (Docs. 38, 53.) For the reasons set forth below, the motions are granted in part and denied in part.

I.  BACKGROUND

On May 9, 2025, Plaintiff United Therapeutics Corporation ("UTC") filed this action alleging infringement of U.S. Patent No. 11,357,782 by Defendant Liquidia Technologies, Inc. ("Liquidia"). (Doc. 1.) UTC immediately filed a motion for TRO and preliminary injunction (Doc. 3), which the court heard and denied (Doc. 54). The parties also filed multiple motions to seal portions of the briefing and evidence related to UTC's request for TRO and preliminary injunction. (Docs. 17, 38, 47, 53.) These motions were granted in part and denied in part. (Doc. 73.) However, the

court stayed the unsealing of certain documents for ten days to permit UTC to file a response justifying the sealing per Local Rule 5.4(c)(4). (Id. at 9.) UTC has now filed its response as the party claiming confidentiality. (Doc. 77.)

**II. ANALYSIS**

The court set out the law in its prior memorandum order granting in part and denying in part the parties' motions to seal. (See Doc. 73.) Accordingly, the court proceeds directly to its analysis of the documents now under consideration for sealing.

Here, Liquidia's first and third motions to seal both identify UTC as the party claiming confidentiality. (Doc. 38 at 2; Doc. 53 at 2.) Liquidia asserts that the sealed documents contain information "that UTC has previously treated as, or that Liquidia reasonably believes UTC would treat as, confidential." (Doc. 38 at 2; Doc. 53 at 2.) The documents include portions related to payors' actions in anticipation of Yutrepia's market entry in Liquidia's opposition to UTC's motion for TRO and preliminary injunction (Doc. 34 (redacted); Doc. 36 (sealed)), the entirety of the declaration of Douglas Kidder (Doc. 35 (redacted); Doc. 37 (sealed)), the entirety of UTC's Tyvaso Forecast (2023-2035) (Doc. 34-27 (redacted); Doc. 36-1 (sealed)), the entirety of the opening expert report of Steven D. Nathan, M.D. (Doc. 34-36 (redacted); Doc. 36-2 (sealed)), portions related to UTC's potential efforts to combat price erosion in Liquidia's opposition to UTC's motion

2

for preliminary injunction (Doc. 51 (sealed); Doc. 52 (redacted)), and the entirety of the preliminary injunction declaration of Frederic Selck, Ph.D. (Doc. 51-2 (sealed); Doc. 52-2 (redacted)). UTC's response includes a declaration to support the need for sealing. (Doc. 77-1); <u>see</u> L.R. 5.4(c)(3)-(4). No objections to either motion were filed, and the motions have now been pending for several months.

Notably, in its response, UTC seeks to further reduce the amount of redacted information in comparison to Liquidia's proposed public filings. First, UTC does not object to unsealing docket entry 36-2, the opening exam report of Stephen D. Nathan, M.D. (<u>See</u> Doc. 77 at 3.) Moreover, UTC has provided an updated proposed public version of Liquidia's opposition to UTC's motion for TRO and preliminary injunction, with less redacted material. (Doc. 77-2.) Finally, UTC has filed proposed public versions of both the Kidder declaration and the Selck declaration, which Liquidia previously sought to seal in their entirety. (Doc. 77-3; Doc. 77-4.)

A review of the remaining redacted portions of the briefings and exhibits demonstrates that the information UTC seeks to seal pertains only to sensitive and confidential business information. More specifically, UTC seeks to seal information regarding communications and negotiations between UTC and payors; the effect that the launch of Liquidia's Yutrepia product could have on the

3

price and payor discounts for Tyvaso; and UTC's strategic business plans and forecasts in response to the launch of Yutrepia. (Doc. 77 at 5.) UTC contends that the release of its sensitive and confidential business information would cause significant harm to its competitive position. (Id. at 8.)

UTC does not seek to seal a wide swath of information, as care was taken to redact even less information than first proposed by Liquidia. (Id. at 3-4); see Fortson v. Garrison Prop. & Cas. Ins. Co., No. 19-CV-294, 2022 WL 824802, at *5 (M.D.N.C. Mar. 18, 2022) (noting that "[r]edaction is also the least drastic alternative to sealing, as it will protect [the parties'] business and proprietary interests while maintaining a significant degree of transparency in the proceedings"). In fact, the only exhibit UTC now seeks to seal in its entirety is UTC's Tyvaso Forecast for the years 2023 through 2035. (Doc. 77 at 9.) UTC persuasively argues that the disclosure of this forecast would provide invaluable information to a competitor by revealing UTC's assessment of the future product market. (Id. at 3; Doc. 77-1 ¶ 12.) At the pre-discovery stage of this litigation, the public interest in this limited information does not outweigh the need to protect the parties' confidential and proprietary business interests. Thus, Liquidia's first and third motions to seal will be granted in part and denied in part, in accordance with UTC's

4

proposed modifications.[1]

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendant Liquidia's first motion to seal (Doc. 38) and third motion to seal (Doc. 53) are GRANTED IN PART and DENIED IN PART, docket entry 36-2 shall be UNSEALED, and docket entries 36, 36-1, 37, 51, and 51-2 shall be SEALED.[2]

                                                      /s/   Thomas D. Schroeder
                                                 United States District Judge

November 25, 2025

---

[1] The parties have complied with Local Rule 5.4(c)(8), requiring them to file two complete sets of documents, one public and one under temporary seal. This explains the presence of documents in the temporarily-sealed docket entries that remain unaddressed by the court's memorandum orders. (E.g., Doc. 51-1.) That is, documents not addressed by the memorandum orders that appear sealed mirror those the parties filed publicly in a duplicate filing.

[2] In light of the updated public versions of the documents provided with UTC's response, the court deems docket entries 34, 35, and 52-2 withdrawn. (See Docs. 77-2, 77-3, 77-4.)